McCay, Judge.
1. We see no reason to change the opinion we expressed at the last term in the case of Parker vs. The Fulton County Loan and Building Association, and only now add that it is'pushing the usury laws very far to attempt by them to limit the right of parties going into a partnership or corporation to contract on what terms the partners shall use the common funds.
2. But however clear it may be that these contracts as made, are not usurious, it does not at all follow that this injunction was not properly granted. As charged by the bill and admitted by the answer, it was and is the agreement of all these parties that the corporation shall cease operations and its affairs be settled on principles of equity and right. Obviously, by this agreement, the contracts of the several parties are by common consent to be abandoned, since by the agreement it is impossible they shall be performed. Each of these contracts, not only those of the borrowers, but also of the non-borrowers, has as one of its fundamental essential elements, that it shall only be performed by monthly payments, which are to extend over the entire period of the existence of the corporation, and until, under its regular working, it will wind up. If it is to close now, at an arbitrary period, by agreement, these contracts are necessarily to be abandoned, and the parties are to stand without any agreed rule to adjust their relations to each other. Each has paid money into the common stock, and some have drawn out, and there have been expenses and losses. The end they all sought, has by agreement been abandoned by unanimous consent. It remains that their several relations to each other and to the fund is one not fixed by any agreement and must be regulated by the law *of ex equo bono. What that is in questions of money is regulated by law. The parties who have paid in money and drawn none out, who have got nothing but burdens, ought, it seems to us, to get back their money with legal interest, and the parties who have used the money ought to account for it and legal interest. In such matters equity follows the law, which fixes a standard by which to .determine what *336 money is worth. Nor is there anything in the charter or in the new agreement which authorizes the majority to decide how the assets are to be divided. The agreement in terms abandons the charter, and with it the right of a majority to make rules also falls, and the parties are left to the relations which equity estab-t lishes.
3. We can easily see how the rule we have indicated for ascertaining the present status of each stockholder, by crediting him with his payments and charging him with his receipts, with legal interest, may need some qualification when the assets come to be divided. It is hardly equity that the non-borrowers, who have done nothing but pay, should bear also the burden of the past expenses. They ought, it seems to us, to get their money back, with legal 'interest, in full. But there ought to be some profits, and we leave all such adjustments for discussion and settlement according to the facts as they may be made apparent at the trial, after the assets have come' in.
4. If the injunction was intended to restrain the collection of the debts due by those of the original stockholders, who, by forfeiture, had, at the date of the agreement, ceased to be members of the company, we think this was error, though we doubt if the Judge so intended. Such stockholders were not parties in any sense to the agreement or to the bill, and have no part or lot in the matter. What they owe is entirely independent of the agreement.
Whether the company or Mr. Goodrich is entitled to the insurance money, we are unable to say from the facts, as it does not appear from the record how he stands to the company under the rule we' have suggested. The insurance money, as it seems to us, the company has a right to retain as security *for whatever Mr. Goodrich may have to pay in making up the fund to be divided.
It is in the power of the Chancellor, and we take it for granted he will wisely exercise it, to' take such order by interlocutory decree as will prepare the fund and marshal the assets for final division by the decree. He may do this by the appointment of an auditor, or master, or by the appointment of a receiver, or, if he sees fit, we see no objection to directing from time to time the proper officers of the company as agents of the Court to collect up the assets.
This agreement to suspend operations and close up the affairs of the company, is not, Jn any fair sense, either a present forfeiting or laying down the franchises of the corporation. Indeed, it would seem to be of great importance to the success of the agreement that the existence of the company do not terminate. By unanimous agreement, the'members of any corporation may alter any stipulation which only affects their relations to each other — which does not take up or lay down any new privilege, or affect the rights of fhird persons, and we do not see that the agreement in this case does not fairly come within this principle. The parties do not desire a forfeiture, and it would be strange if *337 the law w'ill not permit them to divide their assets as they please. We are, therefore, of opinion that the relief sought for can be had by bill, and that jurisdiction is not exclusive by scire facias, in the Court of law, to forfeit the charter.'
Judgment affirmed.

Principal case also reported in 54 Ga. 99.