ROGERS *v.* HARGO.

(*Knoxville.* October 26, 1891.)

BUILDING AND LOAN ASSOCIATIONS. *Method of adjustment of affairs of insolvent company.*

In winding up the affairs of an insolvent building and loan association, the following rules are observed, to wit: The borrowing stockholder is charged with the money actually received by him, treating same as due and drawing interest from date of its receipt. He is credited by all payments of interest and premium as of dates when made. The balance due is ascertained by calculation upon the principle of partial payments. He is not allowed credit for amounts paid as dues on his stock. After all liabilities of the company are paid, the remaining fund is distributed *pro rata* among stockholders, whether borrowers or not, upon the basis of the amounts paid by them respectively as dues upon their stock.

Case cited: 8 Atlantic Rep., 843–845.

FROM KNOX.

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

J. L. ROGERS for Rogers.

WALTER M. COCKE for Hargo.

CALDWELL, J. C. H. Rogers, as receiver of the New South National Building and Loan Associa-

tion, filed this bill to collect from J. W. Hargo, one of the share-holders of that corporation, an alleged debt of seven hundred dollars, evidenced by a certain loan note, and secured by mortgage on real estate.

The Chancellor heard the cause finally on pleadings, exhibits, and an agreed statement of facts. From his decree both parties have appealed.

It appears from the "agreed facts," so far as necessary to be here stated:

*First.*—That the defendant, being the holder of ten shares of capital stock in said corporation, "obtained a loan" of money from it, and executed the note in suit therefor; and that for several months he paid certain "dues upon his stock," and certain other sums as "interest and premiums upon his said loan."

*Second.*—That within two years after the organization of said corporation, it was dissolved by decree of Court in another cause, wherein the complainant in this cause was appointed receiver, with direction to collect all debts due to the corporation—that decree not specifying, however, what credits, if any, should be· allowed borrowing members on their notes.

*Third.*—"That said corporation is insolvent; by which is meant that it is not able to pay its debts or the amounts paid in by its stockholders of all classes in full, but that a loss in a final adjustment of its affairs will have to fall upon its stockholders, who will receive something upon their

Rogers *v.* Hargo.

stock, but the exact amount of loss cannot yet be definitely known."

The contention of each party to this litigation is then stated, as follows:

"Upon these facts the defendant insists that, in repaying his loan to the complainant, he should be charged with the amount of money received by him from said corporation, with interest thereon at the rate of six per cent., and be credited with the full amount paid by him upon his stock in said corporation, and upon interest and premium upon his loan, upon the principle of partial payments. The complainant insists that the defendant should not be credited, in the payment of his loan, with the sums that he paid upon his stock, but that his payments upon stock should remain to his credit, to be paid him upon final settlement of the affairs of the corporation, upon the same ratio as payments on account of stock shall be made to other stockholders, both borrowers and investors, the payments to be made to all alike."

The insistence in behalf of the defendant is in accord with the view of Mr. Endlich, as expressed in Section 496 of his work on the Law of Building Associations. In the concluding part of that section the author, in laying down the rule for settlement with a borrowing member of a dissolved association, says: "He is to be charged, therefore, only with the amount he has actually received, with legal interest, and credited with all his pay-

Rogers *v.* Hargo.

ments upon stock and interest, upon the principle of partial payments."

But to the contrary, and in support of complainant's insistence, is the case of *Strohen* v. *Franklin Saving Fund and Loan Association*, decided by the Supreme Court of Pennsylvania, in 1887, and reported in the *Atlantic Reporter*, Vol. VIII., pages 843–845. The Court, in that case, said: "The insolvency of the company, as before observed, puts an end to its operations as a building association. To a certain extent, it also ends the contract between it and its members respectively, and nothing remains but to wind it up in such a manner as to do equity to creditors and between the members themselves. As regards the latter, care should be taken to adjust the burdens equally, and not to throw upon either borrower or nonborrower more than their respective share. That result may be reached by requiring the borrower to repay what he actually received, with interest. He would then be entitled, after the debts of the corporation are paid, to a *pro rata* dividend with the non-borrower for what he had paid upon his stock. He will thus be obliged to bear his proper share of the losses. To allow him to credit upon his mortgage his payments on his stock, would enable him to escape responsibility for his share of the losses, and throw them wholly upon the non-borrowers. In other words, the borrower would escape without loss. It will not do to administer the affairs of an insolvent corporation in this manner."

This latter authority announces the sounder of the two rules. The reasoning of the Court, as there given, fully indicates the conclusion reached. To our minds it seems unanswerable. Without further discussion or elaboration, we are content to adopt and follow the decision of the Pennsylvania Court.

Charge defendant with money actually received by him, treating same as due and drawing interest from time received; and credit him thereon by payments of interest and premium when made. Ascertain balance due, making calculation upon principle of partial payments, and give recovery for such balance.

Let amount paid by defendant as dues on stock stand to his credit on the books of the corporation until time for final adjustment, when he and all other stockholders, borrowers and non-borrowers, will be paid *pro rata* from the fund for ultimate distribution. Thus the loss will be apportioned equally.

Modify decree accordingly.