Carpenter *v.* Frazier.

CARPENTER *v.* FRAZIER.

*(Jackson.* May 9, 1899.)

1. CORPORATIONS. *Registration of facsimile of great seal.*

It is a substantial and sufficient compliance with the require-
ment that the facsimile of the great seal of the State appear-
ing on a charter of incorporation shall be registered along
with the other portions of the charter, as a condition prece-
dent to its validity, if the Register, at the proper place on the
record, makes a scroll or other similar device, manifestly in-
tended as a facsimile of the great seal, however inartistically
it may be executed. *(Post, pp. 464, 465.)*

Code construed: ¿ 2026 (S.); ¿ 1693 (M. & V.).

Case cited and distinguished: State *v.* Brewer, 7 Lea, 682.

2. BUILDING AND LOAN ASSOCIATIONS. *Amount due on mortgage.*

The method announced in Rogers *v.* Hargo, 92 Tenn., 35, for
ascertaining amount due on mortgage of a building and loan
association is reaffirmed. *(Post, p. 466.)*

Cases cited and approved: Rogers *v.* Hargo, 92 Tenn., 35; Car-
penter *v.* Richardson (oral).

FROM SHELBY.

Appeal from Chancery Court of Shelby County.
LEE THORNTON, Ch.

F. H. HEISKELL for Carpenter.

R. M. HEATH for Frazier.

McAlister, J. This bill was filed in the Chancery Court of Shelby County to foreclose a mortgage executed by the defendants to the Southern Building & Loan Association. The bill recites that, October 1, 1894, C. W. Frazier, deceased, and Letitia A. Frazier, his wife, mortgaged certain real estate in Memphis to said association to secure a loan of $4,000. The bill further showed that on November 1, 1894, C. W. Frazier executed a mortgage on the same property to Mrs. P. A. Edmonds. This was about one month after the mortgage was executed to the building and loan association.

C. W. Frazier died, leaving a will, in which he left the property included in the mortgage in trust to secure debts to Mrs. P. A. Edmonds, and then to his wife, Mrs. L. A. Frazier.

The answers denied that the Southern Building & Loan Association was a corporation, and denied that the transaction in question was in accordance with and governed by the law of building and loan corporations. Mrs. P. A. Edmonds, in her answer, claimed that her mortgage was superior to the one sought to be foreclosed. The ground upon which the corporate existence of the Southern Building & Loan Association was attacked is that, while the charter purports to have been registered in Knox County, Tenn., the facsimile of the great seal of the State of Tennessee was not registered, as required by law.

Shannon's Code, § 2026, provides how corporations

are formed. It says: "The said instrument [application for incorporation], when probated as hereinafter provided [§ 2542], with application probates and certificate, is to be registered in the county where the principal office of the company is situated, and also registered in the office of the Secretary of State; and a certificate of registration given by the Secretary of State, under the great seal of the State, shall, when registered in the Register's office of said county, with the facsimile of said seal, complete the formation of the company as a body politic, and the validity of the. same in any legal proceeding shall not be collaterally questioned." The argument is that the corporation enjoys no vitality or existence until these conditions precedent are observed.

The particular infirmity in the present charter, which, it is claimed, has destroyed, or, rather, prevented, corporate life, was the failure of the Register to make a facsimile of the great seal of the State in registering the charter. It is insisted the certificate of Johnson, Register of Knox County, shows that the so-called great seal of the State of Tennessee, as recorded in Knox County, did not have emblazoned thereon the two pictures which symbolize agriculture and commerce. It is true the Register, in copying the great seal, has not made a very artistic representation, but it bears intrinsic evidence that it was intended for the great seal of the State, and it so recited.

Counsel cite numerous authorities to the effect

that when compliance with certain statutory require-
ments is made a condition of corporate life, non-
compliance is fatal, and the corporation cannot be
viewed as a *de facto* concern. In *State* v. *Brewer*, 7
Lea, 682, it appeared defendant was indicted for sell-
ing liquor within four miles of an incorporated in-
stitution of learning, and, in order to convict him,
it was necessary to show the McKinney High School
was a corporation. It was claimed to be incorpo-
rated, but the incorporators had failed to register
the certificate of the Secretary of State and the
facsimile of the seal of State. This Court held it
was not a corporation, saying: "As we have seen,
these things were not done when the offense is al-
leged to have been committed, hence the McKinney
High School was not then an incorporated institu-
tution in the sense of the statute."

But we are of opinion these authorities are not
applicable, since there was a substantial compliance
with the statute in the present case. The great
seal of the State was spread upon the record. The
fact that the emblems of commerce and agriculture
were not copied, was due, perhaps, to the fact that
the Register was not an artist or sufficiently expert
to draw the pictures. It was not expected that the
Register should have a scenic artist or illustrator in
his office. In respect of the registration of the seal
of any deed a scroll is sufficient.

In 20 Am. & Eng. Enc. L., 560, note 5, it is
said: "The seal of a deed is sufficiently recorded

18 P—30

if indicated upon the record by the word 'seal' written within a scroll or some similar device." Citing *Dale* v. *Wright,* 57 Mo., 110; *Huey* v. *Wan Wie,* 23 Wis., 613; *Pulney* v. *Cutter,* 54 Wis., 66; *Switzer* v. *Knapp,* 10 Iowa, 72 (S. C., 74 Am. Dec., 375).

The third assignment of error is that the decree in favor of complainant is excessive and that there was no competitive bidding when the loan was made to C. W. Frazier, and hence the transaction was illegal and usurious.

The amount decreed by the Chancellor was determined by the rule laid down in *Rodgers* v. *Hargo,* 92 Tenn., 35, and applied by this Court at last term in *Carpenter* v. *Richardson.*

The averment of the answer that there was no competitive bidding for this loan was not proven. We find no error, and the decree is affirmed.