### MacMURRAY v. GOSNEY et al. SAME v. KINCAID et al. SAME v. SPEAR et al.

(Circuit Court, W. D. Pennsylvania. January 7, 1901.)

#### Nos. 20–22.

1. BUILDING AND LOAN ASSOCIATIONS — CONTRACTS WITH BORROWING STOCKHOLDERS—LAW GOVERNING.

   Contracts between a building and loan association incorporated and doing business under the laws of a state and its borrowing stockholders must be considered as having been made with reference to such laws, and as being governed thereby, notwithstanding the loans are secured by mortgages executed in another state, upon land there situated.

2. SAME—INSOLVENCY—SETTLEMENT WITH BORROWING STOCKHOLDERS.

   Where the affairs of an insolvent building and loan association are being wound up in a federal court in the state of its domicile, the rule adopted by that court for accounting and settlement between the receiver of the corporation and its borrowing stockholders will be followed by a federal court of another district which has appointed an ancillary receiver.

3. SAME—PREMIUMS.

   The equitable rule for settlement between an insolvent building and loan association and its borrowing stockholders, who have contracted, in accordance with the rules of the association, to pay premiums on their loans in monthly installments, is to charge each of such stockholders with the amount of his loan and interest, and also with the installments of pre-

mium which matured prior to the appointment of the receiver, treating the installments not then due as canceled.

In Equity. Suits by complainant, as receiver of the National Home Building & Loan Association, to foreclose mortgages given by defendants as borrowing stockholders.

Bingham & Long, for complainant.

R. C. Rankin, James H. Payne, Pettes & McAllister, and T. C. Jones, for respondents.

ACHESON, Circuit Judge. The decision of the supreme court of Pennsylvania in Strohen v. Association, 115 Pa. St. 273, 8 Atl. 843, that a borrowing stockholder in settling with an insolvent building and loan association is to be charged only with what he actually received and interest, is not, I think, controlling here. I cannot regard the several underlying contracts involved in these cases as Pennsylvania contracts. These contracts are between the National Home Building & Loan Association, a corporation of the state of Illinois, and stockholders of that corporation. The loans by the corporation to the stockholders were made by the authority and under the provisions of the statute of Illinois, and in accordance with the by-laws of the association. The parties, then, must be regarded as having contracted with reference to the law of Illinois, notwithstanding the loans were secured by mortgages executed in Pennsylvania upon lands there situated. The question before us has not been determined by the supreme court of Illinois. It was, however, passed upon by the United States circuit court for the Northern district of Illinois in Towle v. Society, 61 Fed. 446, and by the United States circuit court for the district of Indiana in Sullivan v. Stucky, 86 Fed. 491. Each of these cases involved settlements between an insolvent Illinois building and loan association in the hands of a receiver and borrowing stockholders. Upon great consideration it was there held that upon such a settlement the borrowing stockholder is chargeable not only with the sum loaned and interest, but also with a part of the premium he contracted to pay, based upon an apportionment as of the date the receiver took possession; the premium for the time then passed being considered as earned, and constituting part of the general assets of the association. Much is to be said in favor of this rule. The stockholder who was advanced does not stand in the position of an ordinary borrower. The contract of loan was not between strangers. The association, in effect, was a corporate partnership. The members associated for their mutual benefit. Competitive bidding among the members for loans was an authorized and agreed part of the plan. The failure of the enterprise, indeed, was not within the contemplation of any of the members. The nonborrowing stockholders, however, were no more responsible for the insolvency which overtook the association than were the borrowing stockholders. If the failure was due to official mismanagement the fault was mutual, for the officers represented equally both classes of members. Insolvency affects all, whether nonborrowers or borrowers, injuriously. All are involved in the common misfortune.

The situation, then, calls for the application of equitable principles. In the present instances the several borrowers received the full amount of the loans, and they agreed to pay the premiums competitively bid by them in monthly installments. Why should they be permitted to withdraw from the treasury of the association the installments of their premiums which became due and had been paid prior to the appointment of the receiver? As well might the nonborrowers claim the right to reclaim their contributions.

The foregoing considerations would induce this court to follow the federal decisions cited above. There is, however, another reason for that course which is conclusive. The receivership here is simply ancillary. The court of primary jurisdiction is the United States circuit court for the Southern district of Illinois; and that court has prescribed as the proper rule for settlements between the receiver and all borrowing stockholders that the stockholder shall be liable for the amount of the loan to him, with interest, and also for all monthly installments of premium due and payable prior to the appointment of the receiver, but that all monthly installments of premium not due and payable prior to the appointment of the receiver shall be deemed canceled and not collected from the borrowers. It would be a most unfortunate and unheard-of condition of things if one rule of settlement were enforced by the court of primary jurisdiction, and another and different rule enforced by the court exercising merely ancillary jurisdiction. Such conflict is to be avoided, and therefore our decrees herein will conform to the ruling of the court having primary jurisdiction. The stipulated reasonable fee taxable in favor of the complainant's solicitor must be limited to 5 per centum of the amount decreed in favor of the complainant. In each case let a decree be drawn in accordance with the views expressed in this opinion.