## No. 2 Fidelity Building and Savings Union *v.* No. 4 Fidelity Building and Savings Union.

[No. 3,971.   Filed October 1, 1901.]

Building and Loan Associations.—*Purchase of Stock in Other Association.—Ultra Vires.*—Where a building and loan association purchased stock in another building and loan association and held the same without question until the latter association went into voluntary liquidation, the purchase will not be held *ultra vires* and the transaction treated as a loan as against the stockholders of the association in liquidation.

From Marion Superior Court; *Vinson Carter,* Judge.

Action by No. 2 Fidelity Building and Savings Union against No. 4 Fidelity Building and Savings Union. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*R. W. McBride, C. S. Denny* and *W. M. Aydelotte,* for appellant.

*B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellee.

Roby, J.—Both parties are building and loan associations. Appellants purchased $37,216 of prepaid stock of the appellee association. Certificates were duly issued to it, and from November 1, 1892, when the first payment of $4,600 was made, until liquidation, no question as to the validity of the purchase or the relation of the parties was made. Appellee is now in voluntary liquidation. A sum in excess of $10,000 is on hand for distribution. Appellant claims that its attempted purchase of stock was *ultra vires,* and beyond its power; that the transaction must be treated as a loan and the stock certificates as evidence of indebtedness, thereby entitling it to share in the distribution as a creditor and postponing other stockholders until its loan has been paid. There are some difficulties in the adoption of this ingenious view of the matter. The effect of the winding up process is equivalent to a compulsory withdrawal of all members. Nothing remains to do except to make settlement and distribution. The purpose of the organization is abandoned. *Fidelity, etc., Union* v. *Smith,* 155 Ind. 679; *Huter* v. *Union Trust Co.,* 153 Ind. 204. Distribution is made, not according to the contract relations of the parties, but according to the established rules of equity. *Huter* v. *Union Trust Co., supra; Marion Trust Co.* v. *Trustees,* 153 Ind. 96; *Boice* v. *Rabb,* 24 Ind. App. 368; *Bingham* v. *Marion Trust Co., ante,* 247.

When several persons are entitled to participate in a fund, in the absence of some peculiar conditions appealing to the conscience of the chancellor, distribution will be awarded in accordance with the maxim "Equality is equity." Pomeroy's Eq. §407.

The doctrine of equality will govern here unless appellant has affirmatively shown some good reason why it should not. The reason alleged is that the original purchase, acquiesced in for so many years, was one that it had no power to make. That it was illegal and void. It complains of its own act, not of the act of another. The maxim "No one can im-

prove his conditions by his own wrong" is applicable.　For the unwarranted acts of its officers, the members of appellant company have remedy against the officer ; such acts cannot be invoked to secure an advantage over third persons who have bought stock in good faith.　Appellant has taken all chances of profit growing out of the adventure, and now that it has turned out badly wishes some one else to pay the loss corresponding therewith.　There is no semblance of fairness or equity in the claim.　Judgment is affirmed.