## The Union Trust Company of Indianapolis, Receiver, *v.* Shilling et al.

[No. 4,366.   Filed March 10, 1903.]

Mortgages.—*Foreclosure.*— *Insolvency of Mortgagee.*—*Attorney's Fees.*— Where a debt secured by a bond and mortgage, payable monthly, became due by reason of the insolvency of the mortgagee, the amount of the indebtedness was determinable, not from the terms of the bond, but by the application of equitable principles to the existing facts; and a provision in the bond to pay attorney's fees can not be enforced.

From Clark Circuit Court; *J. K. Marsh,* Judge.

Suit by the Union Trust Company, as receiver of the Mutual Life Insurance Company, against Peter F. Shilling and wife to foreclose a mortgage. From a judgment for plaintiff for less than the amount demanded, it appeals. *Affirmed.*

*W. H. Watson* and *F. A. Joss,* for appellant.
*E. C. Hughes,* for appellees.

Roby, C. J.—The appellant, as receiver of the Mutual Life Insurance Company of Indiana, procured a decree foreclosing a mortgage against appellees. In estimating the amount due nothing was included for attorney's fees,

Insisting that an additional ten per cent., as provided in the bond hereafter set out, should have been included in the judgment, appellant brings the case here.

The right to the attorney's fee stipulated is the sole question involved in the appeal, and is variously presented. On September 4, 1896, appellee Peter F. Shilling executed a bond to appellant, and secured the payment thereof by the mortgage in suit in which appellee Allie M., his wife, joined. In the bond he acknowledged his indebtedness to the company in the sum of $1,000, "On which I promise to pay said Mutual Life Insurance Company of Indiana a monthly instalment of interest, $5, also insurance premium of $2 on policy No. 35,603, together with $6 as principal, making a monthly instalment in advance of $13, and a like amount to be paid by the first day of each month hereafter for the term of 120 months. If for any cause said payment is not made within ninety days after the same becomes due, then this bond shall become due and collectible without relief from valuation or appraisement laws of the State of Indiana, with ten *per centum* attorney's fees or commission thereon. This bond is given for borrowed money loaned me this day by said Mutual Life Insurance Company of Indiana, and I agree to comply with all the stipulations and agreements contained herein, and all the agreements and stipulations contained in the mortgage which I have this day executed to secure said payments to said Mutual Life Insurance Company of Indiana, and all the agreements and stipulations contained in said policy No. 35,603 as herein provided; when upon maturity of this bond said policy shall mature, and each shall operate as a payment of the other in full satisfaction thereof as concurrent mutual obligations. In witness whereof, I have hereunto set my hand and seal, this 4th day of September, 1896. Peter F. Shilling. [Seal.]"

The complaint contains no allegation that the debt evidenced by the said bond is due. It does show the appoint-

ment of appellant as receiver for said company. It is conceded that by reason of such appointment whatever was for appellee to pay became payable at once in a lump sum. *Fidelity Building, etc., Union* v. *Smith,* 155 Ind. 679.

The Mutual Life Insurance Company having become incapacitated from performing its part of the contract the appellee Peter F. Shilling was thereby released from his obligation to continue making the stipulated monthly payments. The total amount of his indebtedness was determinable, not from the terms of the bond—for that had been abrogated—but by the application of equitable principles to the existing facts. He was chargeable with the amount of money received by him with six per cent. interest thereon. *Union Trust Co.* v. *Trustees Edwards Lodge,* 153 Ind. 96; *Huter* v. *Union Trust Co.,* 153 Ind. 204; *Fidelity Building, etc., Union* v. *Smith, supra.*

His debt matured by reason of the insolvency of the company and for no other reason. No warrant exists for swelling its amount by the addition of an attorney's fee. The stipulation therefor relied upon is found in the bond. If that bond were recognized as the basis of the action, there could be no recovery of an attorney's fee, since the payor was not in default. The bond being abrogated, no undertaking to pay attorney's fees exists. The mortgage stands, as it has from its execution, security for the payment of whatever may be found due. There is no possible reason why the insolvency of the company should operate to deprive it of the benefit of securities held by it. No question of securities is involved in this appeal. The question is one of amount. No equitable principle requires that an attorney's fee be included therein.

Judgment affirmed.