GWINN v. IRON BELT BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Virginia. June 1, 1904.)

1. BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—ACCOUNTING WITH BORROWING STOCKHOLDERS.

Where the loan contracts of a building and loan association are not usurious, a borrowing stockholder, on a settlement with the association after its insolvency, is not entitled to credit on his loan for premiums paid during its solvency.

In Equity.

Edward Lyle, for exceptant.
C. A. McHugh, for receivers.

McDOWELL, District Judge. It has long been a settled rule of equity that, where a borrower at a usurious rate of interest asks relief, he is made to do equity by paying the principal of the debt and legal interest. It is only following this rule to allow a borrowing stockholder in a building and loan association, who has paid usurious interest in the form of premiums, to have credit, on a settlement with an association that has broken down, for all such premiums paid by him. The contract here between the association, which is a Virginia corporation, and its borrowing members, however, has been held by the Court of Appeals of Virginia (Bosang v. Iron Belt Ass'n, 96 Va. 119, 30 S. E. 440) to be free from usury. If from the cases holding the borrowing stockholder entitled to credit for premium payments there are subtracted those in which the premium was held to be usurious (such as Douglass v. Kavanaugh, 90 Fed. 373, 33 C. C. A. 107; Southern Ass'n v. Johnson, 111 Fed. 663, 49 C. C. A. 518; and Coltrane v. Blake, 113 Fed. 791, 51 C. C. A. 457), I think the weight of federal authority is to the effect that no credit should be given for "earned" nonusurious premium payments, or for nonusurious premiums paid in monthly installments prior to the insolvency of the association. Sullivan v. Stucky (C. C.) 86 Fed. 491; Towle v. American Ass'n (C. C.) 61 Fed. 446; MacMurray v. Gosney (C. C.) 106 Fed. 13; Manship v. New South Ass'n (C. C.)

110 Fed. 862; Miles v. New South Ass'n (C. C.) 111 Fed. 968. There is some conflict among the state courts on this question, but in reason it seems to me that the above rule is the more equitable. To give a borrowing stockholder credit for nonusurious premium payments, made by him while the association is still solvent, is, in effect, to annul in part his contract ab initio, give him the same rights as a borrower at usurious interest, and to throw all the losses on the nonborrowing members of the insolvent association. So to do is to lose sight of the fact that the borrower is a member of the association, a partner, so to speak, who would have been benefited by the good fortune of the association, and who should equitably share in its losses.

I am of opinion that the exception of Mrs. Webb should be overruled.