Union Trust Co. *v.* Scott—170 Ind. 666.

---

## UNION TRUST COMPANY, RECEIVER, *v.* SCOTT ET AL.

[No. 21,299. Filed July 2, 1908.]

1. DECEDENTS' ESTATES.—*Settlement without Administration.— Foreclosure.—Evidence.*—In the absence of evidence to show that a mortgagor was dead, that she died intestate, that she left certain defendants as her only heirs, that no administration was had upon her estate and that the pending suit was not brought until after the expiration of one year from the time of. her death (§2847 Burns 1908, Acts 1883, p. 151, §17), a finding in favor of such alleged heirs in a mortgage foreclosure suit is correct. p. 669.

2. MORTGAGES.—*Assumption of Payment.—Contracts.—Evidence.*— In a suit to foreclose a mortgage, a personal judgment should not be rendered against a defendant, where he neither executed the mortgage nor agreed to pay it. p. 669.

3. LIMITATION OF ACTIONS.—*Mortgages.—Agreements to Pay.*— Where a grantee received a deed to mortgaged land on March 9, 1901, the deed reciting that such grantee "hereby assumes and agrees to pay" a certain part of such mortgage, he cannot es-

cape payment of such part on the ground that the suit was barred by the six-year statute of limitations, the suit being commenced on April 8, 1904.  p. 670.

4.  LIMITATION OF ACTIONS.—*Mortgages.—Agreements to Pay Part.*—Where an owner mortgaged her land to a company, such mortgage to be paid upon monthly instalments, and a receiver for such company was appointed on May 3, 1897, and defendant purchased such land on March 9, 1901, agreeing to pay five-ninths of such mortgage, his answer of the six-year statute of limitations was a complete defense as against the remaining four-ninths of such mortgage, the suit being begun on April 8, 1904.  p. 670.

5.  CORPORATIONS. — *Insolvency.—Contracts.—Receivers.*—Where a corporation loaning money upon the instalment payment plan becomes insolvent and a receiver is appointed, its contracts are abrogated and the amounts of money owing to it become due in a lump sum, as money had and received, bearing 6% interest, and partial payments must be credited upon the original debt, equitable principles and not the contract governing such settlements. p. 670.

6.  MORTGAGES.—*Contracts to Pay Debt Secured.—Limitation of Actions.*—Where a mortgagor stipulates only to perform the agreements contained in a certain bond, and such bond is abrogated by the insolvency of the mortgagee, the six-year statute of limitations applies to such mortgage debt, such statute beginning to run at the time of the appointment of a receiver.  p. 673.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Suit by the Union Trust Company, as receiver of the Mutual Life Insurance Company of Indiana, against Benjamin S. Scott and others.  From a decree for defendants, plaintiff appeals.  Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10.  *Affirmed in part.  Reversed in part.*

*James K. Marsh,* for appellant.
*E. C. Hughes,* for appellees.

MONKS, J.—This suit was brought by appellant against appellees.  It appears from the amended complaint that on June 13, 1895, Sallie H. Scott and Benjamin S. Scott, her husband, executed a mortgage to the Mutual Life Insurance Company on certain real estate securing a bond signed by

said Sallie H. Scott, by which bond she acknowledged her indebtedness to said company in the sum of $300,

> "on which I promise to pay said Mutual Life Insurance Company of Indiana a monthly instalment of $1.50 interest, also insurance premium of sixty cents on policy No. 28,240, together with $1.80 as principal, making a monthly instalment in advance of $3.90, and a like amount to be paid the fifteenth day of each month thereafter for the term of 120 months. If for any cause said payment is not made within ninety days after the same becomes due, then this bond shall become due and collectible without any relief from valuation or appraisement laws of the State of Indiana, with ten per cent attorney's fees or commission therein. This bond is given for borrowed money, loaned me this day by said Mutual Life Insurance Company of Indiana, and I agree to comply with all the stipulations contained in the mortgage which I have this day executed to secure said payments to said Mutual Life Insurance Company of Indiana, and all the agreements and stipulations contained in said policy No. 28,240 as therein provided, when, upon maturity of this bond, said policy shall mature, and each shall operate as a payment of the other in full satisfaction thereof as concurrent mutual obligations. In witness whereof I have hereunto set my hand and seal this 13th day of June, 1895.
>
> > Sallie H. Scott."

Said bond and mortgage were made a part of the amended complaint.

It is alleged in said amended complaint that said Sallie H. Scott died intestate and left surviving her as her only heirs at law Benjamin S. Scott, Lillie Schrader, Annie L. Scott and Georgia Scott; that no administration was had upon her said estate; that afterwards, on November —, 1900, Benjamin S. Scott and —— Scott, his wife, Lillie Schrader and Calvin Schrader, her husband, sold and conveyed all of their right, title and interest in and to said real estate to Edward L. Schrader, who, in consideration therefor, and as a part of the purchase money, assumed and agreed to pay said mortgage indebtedness; that afterwards, to wit,

on March 9, 1901, Edward L. Schrader sold and conveyed said mortgaged premises to said defendant Orlando Ross, who, in consideration therefor, and as a part of the purchase money of the real estate, assumed and agreed to pay the before-described mortgage indebtedness. Prayer for personal judgment and decree of foreclosure.

The issues upon which the cause was tried were upon the amended complaint, the general denials thereto, answers of payment, and six-year statute of limitations, and the replies thereto in denial. The cause was heard by the court, and a finding made in favor of appellees, upon which judgment was rendered against appellant.

The only error assigned calls in question the action of the court in overruling appellant's motion for a new trial.

The causes assigned for a new trial, which are urged as grounds for reversal, are that (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

There was no evidence to sustain the allegations in the amended complaint that Sallie H. Scott was dead; that she died intestate; that she left surviving her Benjamin

1. S. Scott, Lillie Schrader, Annie L. Scott and Georgia Scott as her only heirs; that no administration was had upon her estate. In the absence of evidence to sustain said allegations and proof that this suit was not brought until the expiration of one year after the death of said Sallie H. Scott, the court properly found in favor of said alleged "heirs." §2847 Burns 1908, Acts 1883, p. 151, §17; *Lovering* v. *King* (1884), 97 Ind. 130.

There was no evidence that said appellee Edward L. Schrader ever assumed or promised to pay any

2. part of the debt secured by said mortgage. The court, therefore, properly found in his favor.

The evidence against appellee Orlando Ross shows that said land described in the mortgage sued on was conveyed

to him, and that it was written in the deed that the 3. same was conveyed to him subject to the payment of five-ninths of the debt secured by the mortgage, "amounting in the aggregate to $350, said five-ninths part of which mortgage said Orlando Ross hereby assumes and agrees to pay, * * * said mortgage constituting a part of the above-named consideration." There was no proof that said indebtedness was paid. The conveyance was made to Ross on March 9, 1901, and this suit was commenced against him April 8, 1904. The bond and mortgage mentioned in and filed with the complaint were read in evidence. It is evident that the six-year statute of limitations is no bar to appellant's suit against Orlando Ross on his promise to pay five-ninths of the amount found due on the mortgage.

It is sought, however, in this suit to recover not only a personal judgment against him for the five-ninths of the amount due, but also to foreclose said mortgage 4. against the real etsate conveyed to him for the whole amount secured by said mortgage. Counsel for appellees contends that this suit and the right to foreclose said mortgage is barred as to the mortgagors, and as to the heirs of Sallie H. Scott, if she is deceased as alleged, and also as to said Orlando Ross to the extent of the four-ninths of the amount of said mortgage which he did not assume and agree to pay when he bought said real estate. We concur in this contention of counsel for appellees.

It is alleged in the complaint and appears from the evidence that said Mutual Life Insurance Company was adjudged insolvent, and on May 3, 1897, appellant was 5. appointed receiver of said company. The Mutual Life Insurance Company by its insolvency having become unable to perform its part of the contract contained in said bond and mortgage, the other party thereto was thereby released from any obligation to pay the same in monthly payments. The total amount of money received by

her became due and payable in a lump sum, not upon the terms of the bond, for that was abrogated by the insolvency, but as money had and received by her with six per cent interest, giving credit for any payments as partial payments under the rule declared in this State. *Marion Trust Co.* v. *Trustees of Edwards Lodge, etc.* (1899), 153 Ind. 96, and cases cited; *Security Sav., etc., Assn.* v. *Elbert* (1899), 153 Ind. 198, and cases cited; *Huter* v. *Union Trust Co.* (1899), 153 Ind. 204, and cases cited; *Fidelity Bldg., etc., Union* v. *Smith* (1901), 155 Ind. 679, and cases cited; *Union Trust Co.* v. *Shilling* (1903), 30 Ind. App. 543, and cases cited; *Home Sav. Assn.* v. *Noblesville, etc., Church* (1903), 31 Ind. App. 115, 123, and cases cited.

In the case of *Huter* v. *Union Trust Co., supra,* which was a controversy over one of the bonds executed to this same Mutual Life Insurance Company, this court, at page 211, said: "If these borrowers and nonborrowers had been doing business through a duly authorized building and loan association, its insolvency would have abrogated the stock and loan contracts—the situation would be treated by the courts as though the contracts had never existed—equity would administer, not according to the contract relations of the parties, but according to their actual relations resulting from what they had done; and according to the nature and source of the fund and of the claims upon it. * * * An allowance of the plea of *ultra vires* could not wipe out the contracts more thoroughly."

In *Marion Trust Co.* v. *Trustees of Edwards Lodge, etc., supra,* this court, at pages 97 and 99, said: "The insolvency of the association incapacitated it from performing its part of the contract. It is not the function of the receiver to continue the business, but to wind up the affairs of the defunct institution. The incapacity of the association to perform its part relieved appellee of the obligation to continue the stipulated monthly payments under the contract. Whatever appellee has to pay to appellant must

be paid at once and in a lump sum. The amount is to be determined, not from the abrogated contract, but from the equitable principle of adjusting losses with equality among the stockholders. * * * The contract has been abrogated by the association's insolvency; the interest that is charged the borrowers on settlement with the receiver is not the interest agreed upon in the contract—it is the interest that the law, and equity following the law, exacts for the use of money had and received; and borrowers are credited with the interest payments, not as interest, but as partial payments upon the money had and received.''

In *Fidelity Bldg., etc., Union* v. *Smith, supra,* this court, at page 680, said: ''Whatever the member has to pay is to be paid at once, and in a single sum. The amount to be determined, not from the abrogated contract, but from the equitable principle of adjusting the losses with equality among the stockholders.''

In *Union Trust Co.* v. *Shilling, supra,* a suit was brought on one of these same Mutual Life Insurance Company's bonds, and the appellant insisted that to the judgment rendered there should be added ten per cent attorneys' fees, as provided in the bond. The court in passing on the case, at page 545, said: ''The Mutual Life Insurance Company having become incapacitated from performing its part of the contract, the appellee Peter F. Shilling, was thereby released from his obligation to continue making the stipulated monthly payments. The total amount of his indebtedness was determined, not from the terms of the bond—for that had been abrogated—but by the application of equitable principles to the existing facts. He was chargeable with the amount of money received by him with six per cent interest thereon. * * * His debt matured by reason of the insolvency of the company and for no other reason. No warrant exists for swelling its amount by the addition of an attorney's fee. The stipulation therefor relied upon is found in the bond. If that bond were recog-

nized as the basis of the action, there could be no recovery of an attorney's fee, since the payor was not in default. The bond being abrogated, no undertaking to pay attorney's fees exists. The mortgage stands, as it has from its execution, security for the payment of whatever may be found due.''

It is clear, from what is said in the cases cited, that as said bond executed by said Sallie H. Scott was abrogated, and the recovery is for money had and received, the six-year statute of limitations applies. Under said rule the indebtedness of said Sallie H. Scott became due in a lump sum on May 3, 1897, and this action was commenced April 8, 1904, more than six years after the right of action accrued.

Counsel for appellant, however, insists that ''the mortgage contains a promsie to pay a certain sum of money in a certain time, and a suit to foreclose is not barred 6. in six years from the time the right of action accrued.'' Said mortgage recites: ''This mortgage is executed by the mortgagors to the mortgagee to secure payment and performance of the stipulations and agreements contained in a certain bond, No. 1,069, this day executed by said Sallie H. Scott, payable to said mortgagee for the sum of $300, as herein provided, and bearing even date herewith. And the mortgagors expressly agree and covenant with the mortgagee that Sallie H. Scott shall do and perform all the stipulations, agreements and contracts contained in said bond so executed as therein provided, and the same is hereby made a part of the contract and consideration of the execution of this mortgage.''

This is not a contract to pay ''a certain sum of money in a certain time,'' but it shows that the mortgage was given to secure the performance of the agreement of Sallie H. Scott set out in the bond which was abrogated by the incapacity of the Mutual Life Insurance Company to perform

674        SUPREME COURT OF INDIANA,

Pittsburgh, etc., R. Co. v. City of Hartford City—170 Ind. 674.

its part of the contract on account of its insolvency. The mortgage contains no promise to pay, but it is a mere security for the amount that may be found due on account of the money received by said Sallie H. Scott, under the rule governing such cases in this State.

It is evident that appellant was entitled, under the evidence, to a finding and judgment against appellee Orlando Ross for the five-ninths of the amount due, to be determined under the rule declared in the authorities before cited, and a forclosure of said mortgage to pay said sum. *Post* v. *Losey* (1887), 111 Ind. 74, 78, 60 Am. Rep. 677; *Bridges* v. *Blake* (1886), 106 Ind. 332, and cases cited; *Arbogast* v. *Hays* (1884), 98 Ind. 26, and cases cited; *Lilly* v. *Dunn* (1884), 96 Ind. 220, and cases cited; *Crawford* v. *Hazelrigg* (1889), 117 Ind. 63, 70, 2 L. R. A. 139, and cases cited; *Daugherty* v. *Wheeler* (1890), 125 Ind. 421; 13 Am. and Eng. Ency. Law (2d ed.), 789 (2) (a), 790, and cases cited in notes; 2 Jones, Mortgages (6th ed.), §1207; 1 Kerr's Supp. to Wiltsie, Mortgage Foreclosures, §62.

The judgment is affirmed as to all the appellees except Orlando Ross, and is reversed as to him, with instructions to sustain the motion for a new trial as to him, and for further proceedings not inconsistent with this opinion.