Carr v. Huette et al.

The judgment below against the appellant is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

* * *

No. 7609.

CARR v. HUETTE ET AL.

DECEDENTS' ESTATES.—*Property Fraudulently Conveyed.*—*Right of Creditor to sue Heirs without Administration of Estate.*—A creditor may, in a suit to collect his debt, have a conveyance of property fraudulently conveyed by his debtor set aside, and the property subjected to the payment of his claim, without regard to the claims of other creditors. But where the original debtor is deceased, and no administration has been had upon his estate, a single creditor, suing for himself alone, can not maintain an action against the heirs, on a promise of the deceased, and to have property fraudulently conveyed subjected to the payment of his claim, but he must proceed through an executor or administrator for the collection of his debt.

From the Knox Circuit Court.

*W. F. Pidgeon*, for appellant.

*T. R. Cobb, O. H. Cobb* and *E. W. Cooper*, for appellees.

BICKNELL, C.—This was an action against the widow and infant children and heirs at law of Thomas Carr, upon an account for goods sold and delivered to the decedent by the firm of Huette & O'Hara. O'Hara had assigned to the plaintiff Huette, his co-partner, all his interest in the account, and he was made a co-defendant to answer as to his interest. The complaint avers that when said debt was incurred the said Thomas Carr owned certain real estate in the city of Vincennes, and that he and his wife, on the 29th day of December, 1873, with intent to hinder, delay and defraud the said Huette & O'Hara, conveyed said real estate by deed

to their daughter, the defendant, Margaret Ellen Carr, who accepted said deed, well knowing the said fraudulent intent of her said parents, and well knowing the existence of said account, and intending to assist her said parents in cheating, hindering, delaying and defrauding said Huette & O'Hara; that said deed was without any consideration; that said Thomas Carr died before the commencement of the suit, and that at the time of the execution of said deed, and ever afterwards up to the time of his death, he was insolvent and had not enough property to pay all his debts; that, with the exception of said real estate, his estate is now insolvent; that there is no property of said deceased out of which said account can be made, except said real estate, and that no administrator has been appointed. The complaint prays that a guardian *ad litem* may be appointed for the infants; that the plaintiff may have judgment for $400 and costs; and that said deed may be set aside as null and void, and that said real estate may be subjected to sale for payment of such judgment, and for all other proper relief.

The plaintiff afterward dismissed his action as to all the defendants except Margaret Ellen Carr and John O'Hara. O'Hara answered, admitting the facts alleged in the complaint. The defendant Margaret Ellen Carr, by her guardian *ad litem*, filed an answer in denial. The issues joined were tried by the court, who made a special finding as follows: That on September 5th, 1873, said Thomas Carr was indebted to Huette & O'Hara, as charged in the complaint, and that said indebtedness is still unpaid; that on December 29th, 1873, and at the time said indebtedness accrued, said Thomas Carr owned the real estate described in the complaint, and that on the day last named he and his wife conveyed the same by deed to their daughter, the said Margaret Ellen Carr, who was then two years and eight months old; that said conveyance was without consideration and was a gift, with intent thereby to hinder, delay and defraud the

creditors of said Thomas Carr in the collection of their debts; that after executing said conveyance said Thomas Carr had not property enough to pay his debts; that on January 1st, 1875, said O'Hara assigned all his right and interest in said indebtedness to the plaintiff Huette; that on January 25th, 1875, said Thomas Carr died intestate, and that no administration has been granted on his estate; that there is due the plaintiff for principal and interest three hundred and sixty dollars; that said conveyance is fraudulent and void as against the plaintiff, and said real estate ought to be subjected to sale to pay said debt and the costs of suit.

The defendant Margaret Ellen Carr, by her guardian ad litem, moved in arrest of judgment. The motion was overruled and judgment was rendered that the plaintiff recover of the said Margaret Ellen Carr the said sum of three hundred and sixty dollars, with six per cent. interest and costs, to be levied only of the said real estate, and that said deed of conveyance be declared fraudulent and void as against the plaintiff, and that said real estate, or so much as is necessary, be sold to satisfy said judgment, without regard to valuation or appraisement laws, and applied, first, to the payment of said costs; second, to the payment of the plaintiff's said debt and interest, and that the surplus be paid to said Margaret Ellen Carr.

From this judgment said Margaret Ellen Carr appealed. The error assigned and argued in the brief of the appellant is that the complaint does not state facts sufficient to constitute a cause of action.

It was formerly a general rule, that, to reach the equitable interest of a debtor in real estate by a suit in chancery, the creditors should first obtain a judgment, and that, to reach personal property, both a judgment and an execution must be shown. O'Brien v. Coulter, 2 Blackf. 421. But, since the adoption of the code, it has been held that a creditor, in the same suit against his debtor, may obtain a judgment for

his debt, and have that judgment enforced against property fraudulently conveyed by the debtor with intent to hinder and delay creditors. *Alford* v. *Baker*, 53 Ind. 279.

In such an action against the debtor, the creditor may have the property sold to pay his own debt without regard to the claims of other creditors. *Bank, etc.*, v. *Burke*, 4 Blackf. 141 ; *Barton* v. *Bryant*, 2 Ind. 189 ; *McNaughtin* v. *Lamb*, 2 Ind. 642. But a single creditor, or a few creditors, of a deceased debtor, can not, by suit in chancery, have the property of his estate sold for the payment of their own demands, without any inquiry as to the rights of other creditors. *Butler* v. *Jaffray*, 12 Ind. 504. And where there has been no administration, a single creditor, suing for himself alone, can not maintain an action against the widow and heirs on a promise of the deceased. *The North - Western Conference, etc.*, v. *Myers*, 36 Ind. 375. So, in the case of *Wilson* v. *Davis*, 37 Ind. 141, it was held that a creditor of a decedent's estate must proceed to enforce his claim against the estate through an executor or administrator, and can not sue the heirs, devisees and legatees, where there has been no administration. Also, *Leonard* v. *Blair*, 59 Ind. 510.

Under the foregoing authorities, the plaintiff Huette, could not have maintained a suit against the widow and heirs, or any of them, for the sole purpose of obtaining a judgment against them upon the promise of the deceased.

It is provided by the practice act, sec. 72, that "When the action arises out of contract, the plaintiff may join such other matters in his complaint as may be necessary for a complete remedy, and a speedy satisfaction of his judgment, although such other matters fall within some other one or more of the foregoing classes."

By virtue of this provision, the plaintiff joined to his principal cause of action, which was upon the promise of the deceased, the collateral matter of the fraudulent conveyance, as necessary for a speedy satisfaction of his judgment.

But if the principal cause of action, which belongs to the first class, could not be maintained alone, it can not be made good by joining with it another cause of action which belongs to the sixth class. See the practice act, secs. 70, 71 and 72, and see *Love* v. *Mikals*, 11 Ind. 227, where it is held that an administrator, as representative of the creditors of the estate, may maintain a suit to set aside a fraudulent convey-ance of real estate by the decedent in his lifetime, whether the claims of the creditors are in judgment or not.

The motion in arrest of judgment ought to have been sustained.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and is hereby in all things reversed, at the costs of the appellee. This cause is remanded, with instructions to the court below to sustain the motion in arrest of judgment.