Lovering *et al. v.* King *et al.*

---

No. 11,431.

LOVERING ET AL. *v.* KING ET AL.

MORTGAGE.—*Foreclosure of.*—*Complaint.*—*Decedents' Estates.*—*Personalty.*—*Parties.*—*Heirs.*—Where it appears upon the complaint for the foreclosure of a mortgage, that the personal estate of the decedent mortgagor is liable for the payment of the mortgage debt, and that the suit was brought before the expiration of a year after the issuing of letters of administration and the giving of notice thereof, a demurrer should be sustained for want of sufficient facts. Sections 621, 2331, 2378, R. S. 1881.

SAME.—*Failure to Appoint Administrator.*—*Next of Kin.*—*Creditor.*—*Presumption.*—If the next of kin do not select an administrator, any creditor may do so; and a failure to select an administrator does not warrant the presumption that the decedent left no personal property.

From the Clark Circuit Court.

*P. H. Jewett* and *C. L. Jewett,* for appellants.

*A. F. Ayres* and *A. B. Cole,* for appellees.

BICKNELL, C. C.—In December, 1882, the appellees, who are husband and wife, filed their complaint against the appellants to foreclose three mortgages of land in Clark county.

The complaint stated that the mortgages were executed by Amos Lovering and Mary S. Lovering, and had become the property of the plaintiff Nancy King by assignment; that said Amos Lovering died in 1880 intestate; that there had been no administration on his estate, and that his only heirs were the said Mary S. Lovering and Annie Lovering; that the defendant Eugene Frazer claimed some interest in the land adverse to the plaintiffs.

The exhibits annexed to the complaint showed express promises by the said decedent to pay the money secured by said mortgages, so that the remedy of the plaintiffs was not confined to the mortgaged land, but the personal estate of the decedent was liable for the mortgage debts.

The complaint demanded judgment against the defendants for the amount due on each of the mortgages, and for foreclosure and for all proper relief.

The defendants Mary S. Lovering and Annie Lovering jointly, and the defendant Frazer separately, demurred to the complaint for want of facts sufficient. These demurrers were overruled by the court, and the rulings thereon are assigned as errors.

A statute enacted in 1881, which is now section 2331, R. S. 1881, is as follows: "No proceeding shall be instituted before the end of one year from the issuing of letters testamentary or of administration and the giving of notice thereof, as required in this act, to enforce the lien of any judgment rendered against the decedent in his lifetime, upon his real estate, or any decree specifically directing the sale of such real estate to discharge any lien or liability created or suffered by the decedent; nor shall any suit be brought before that time, against the heirs or devisees of the deceased, to foreclose any mortgage or other lien thereon, for the payment of which his personal estate shall be liable."

The mortgages exhibited in the complaint were such that the personal estate of said decedent was liable therefor; the complaint was filed before the appointment of an administrator; the averment is " no administration has yet been had."

A like prohibition to that contained in section 2331, *supra*, is found also in section 621, R. S. 1881; it seems to be the policy of the law that heirs shall not be compelled to litigate about the debts of their ancestors until after the expiration of a year from the issuing of letters testamentary or of administration and of notice thereof.

In general, the liability of heirs is regulated by the statutes, R. S. 1881, sections 2442 to 2453, and sections 621 to 624. Ordinarily, there is no personal liability of heirs for the debts of their ancestor, where there has been no administration. *Leonard* v. *Blair*, 59 Ind. 510; *Carr* v. *Huette*, 73 Ind. 378. A creditor must enforce his claim against a decedent through an executor or administrator, and if there be no administrator, the creditor may have one appointed. R. S. 1881, section 2227.

The action can not be maintained by the creditor against the heirs of the decedent, when the complaint states that the decedent left personal property. *North-western Conference* v. *Myers*, 36 Ind. 375. Nor when the complaint states that the decedent was insolvent, and left no property except the real estate in controversy. *Carr* v. *Huette, supra.*

But where the action is merely to foreclose a mortgage made by a decedent, his heirs are the proper parties, and his administrator is not a proper party, because, in such a case, there is no claim against the personal estate of the decedent; but whenever, in addition to the land, the complaint seeks to appropriate the personal assets, of which the administrator is the representative, then the administrator is a necessary party. *Slaughter* v. *Foust*, 4 Blackf. 379; *Muir* v. *Gibson*, 8 Ind. 187.

Formerly, such an action for foreclosure merely might have been maintained against the heirs of the deceased mortgagor,

whether an administrator had been appointed or not; but since the statute, R. S. 1881, section 2331, took effect, such an action can not be maintained, if the mortgage be such that the personal estate of the deceased is liable therefor, until the expiration of a year from the time of the issuing of letters testamentary or of administration, and notice given thereof.

Where such a mortgage is shown by the complaint, and the complaint also shows that such time has not elapsed, there is no cause of action. The law declares that such suits shall not exist, or, in other words, that there shall be no cause of action. A demurrer to such a complaint for want of facts sufficient ought to be sustained.

The appellees claim that the failure to appoint an administrator warrants the presumption that the decedent left no personal property. But the law does not authorize such a presumption from such a fact.

The appellees also claim that if the statute, section 2331, *supra,* be enforced, the heirs of an intestate mortgagor may forever prevent the foreclosure of the mortgage by merely neglecting to have an administrator appointed; but the answer to this is that if the next of kin do not select an administrator any creditor may. *Wilson* v. *Davis,* 37 Ind. 141; R. S. 1881, section 2227.

The court below erred in overruling the demurrers to the complaint in this case, because it appears upon the complaint, that the personal estate of the decedent mortgagor is liable for the payment of the mortgage debts, and that this suit was brought before the expiration of a year after the issuing of letters of administration and the giving of notice thereof. See R. S. 1881, section 2378.

The judgment ought to be reversed for the aforesaid errors, and this result renders it unnecessary to consider the other errors assigned.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same

is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to sustain the demurrers to the complaint.

Filed Sept. 20, 1884.