GARDINER HAINES ET AL., APPELLANTS, V. JAMES
FLINN ET AL., APPELLEES.

[FILED APRIL 7, 1889.]

Mortgage foreclosure: RES ADJUDICATA. In an action to fore-
    close a mortgage, a junior mortgagee was made defendant, who
    answered the petition setting up certain judgment liens, and
    also a mortgage executed to him by the owner of the real estate,
    and praying for a decree foreclosing said liens. A decree was
    rendered in favor of the plaintiff for the amount due upon his
    mortgage, and in favor of the junior mortgagee for the amount
    of his judgments, but allowing nothing on the junior mortgage.
    No appeal was taken, but afterwards such junior mortgagee
    brought an action to foreclose such junior mortgage. Held, That
    as the matters were directly put in issue by the pleadings in a
    former action, the decree in that case was a bar to the second ac-
    tion.

APPEAL from the district court of Johnson county.
Heard below before BROADY, J.

L. C. Chapman, for appellant, cited: Miles v. Caldwell,
2 Wallace, 35; U. S. Manfg. Co. v. Stevenson, 17 N.W. Rep.
934; Herman on Estoppel, sec. 467; M'Lure v. Wheeler, 6
Rich Eq. (S. C.) 343; Dexter v. Harris, 2 Mason, 531;
Stewart v. Johnson, 30 O. St. 24; Walsh v. Rutgers Co.,
13 Abb. Pr. (N. Y.) 33; McKernan v. Neff, 43 Ind. 503.

A. M. Appelget, for appellee, cited: Brigham v. Mc-
Dowell, 19 Neb. 412; Nelson v. Bevins, Id. 715; Wells,
Res Adjudicata, secs. 229, 235, 248, 249; Hapgood v. Ellis,
11 Neb. 131, 142.

MAXWELL, J.

This action was brought to foreclose a mortgage on real
estate, the petition being in the ordinary form. On the
trial of the cause, the court found for the defendant and
dismissed the action.

The defendants McCrosky, Wright & Leach answer the petition as follows: "Now come said defendants, McCrosky, Wright & Leach, and Charles Leach, trustee of defendants McCrosky, Wright & Leach, and for their answer to the petition of said plaintiffs, say that they admit the execution of the notes and mortgage by defendant James Flinn to those plaintiffs, and allege that they do not know, nor have they any means of knowing, the amount due thereon from defendant Flinn to plaintiff, and therefore deny that there is due on said notes the sum of $356\frac{15}{100}$ and interest, or any other sum or sums, and call for proof.

"Defendants further answering admit that said mortgage was filed in the clerk's office of Johnson county, Nebraska, at the time in said petition named. Defendants McCrosky, Wright & Leach, further answering, allege that on or about the third day of February, 1886, these defendants as plaintiffs filed their petition in the district court in and for Johnson county and state of Nebraska against James Flinn and Elizabeth Flinn, William B. Goldsmith, Haines Bros. & Co., and Louis Grosjean, as defendants, and praying for the foreclosure of a certain mortgage, made, executed, and delivered, by James Flinn and Elizabeth Flinn, his wife, two of the defendants herein, to McCrosky, Wright & Leach, plaintiffs in said cause and defendants herein, to secure the payment of the sum of one hundred and fifty dollars, which said mortgage bore date on the ninth day of January, 1885, and was filed for record in the clerk's office of Johnson county and state of Nebraska on the ninth day of January, 1885, and conveyed to these defendants the following-described premises, situated in Johnson county and state of Nebraska, to wit: The southeast quarter of the northeast quarter, and the northeast quarter of the southeast quarter of section nine, (9,) town four (4) north, of range eleven east.

"Said petition, among other allegations, alleged: Said Haines Bros. & Co. are made defendants herein because

said James Flinn executed to them a mortgage on said premises dated March 7, 1885, and filed for record in said Johnson county on March 27, 1885, and recorded in mortgage record O, page 476 ; said mortgage was conditioned to pay the sum of $286.15; and that said mortgage of said Haines Bros. & Co. was subsequent to the mortgage of the plaintiffs therein and subject thereto.

"That afterwards, to wit, on or about the sixteenth day of February, 1886, Haines Bros. & Co., the plaintiffs in this action, appeared and answered the petition of the plaintiffs in said cause, McCrosky, Wright & Leach, and admitted, to wit:

"That James Flinn executed to them a mortgage on the premises described in plaintiffs' mortgage and petition dated March 7, 1885, and that the same mortgage was filed for record in said Johnson county on March 27, A. D. 1885, and recorded in mortgage record O, at page 476.

"That said mortgage was conditioned to pay the sum of two hundred and eighty-six and fifteen one-hundredths dollars, and further the said defendants therein, Haines Bros. & Co., answering, alleged:

"That their mortgage as set up in plaintiffs' petition, and as herein admitted to be true, is not and will not become due until March 9, A. D. 1886; further answering, 'Deny each and every other allegation in this plaintiff's petition contained not herein admitted to be true.' And the said defendants answering, in conclusion, say : 'Therefore these defendants pray that the said mortgage of these defendants, Haines Bros. & Co., may be foreclosed.'

"That McCrosky, Wright & Leach, James Flinn, Elizabeth Flinn, and William B. Goldsmith, may be foreclosed of all right of redemption or other interest in said premises, and for such other and further relief as equity and good conscience may require.

"That afterwards, at the April, 1886, term of the district court in and for Johnson county  and state of Nebraska, to-

wit, on the thirteenth day of April, 1886, said cause coming on to be heard on the issues joined, the court found: 'Due plaintiff from defendant James Flinn, on note, $215, and same is a second lien on the premises; and that there is due defendant Haines Bros. & Co., on judgments, $317$\frac{16}{100}$, which is a third lien on the premises; and that there is due Louis Grosjean $20, which is the fourth lien; and that the claim of defendant William B. Goldsmith is the first lien and not yet due, and shall be subject to it. Decree of foreclosure and order of sale.'

"In accordance with such finding so made, said decree of foreclosure was entered, and on the eleventh day of May, 1886, order of sale was issued directed to the sheriff of said county, who after advertising said sale, sold the premises described on the twenty-eighth day of June, 1886, to Mc-Crosky, Wright & Leach, which said sale was by the Hon. J. H. Broady, judge of said district court, on the seventeenth day of August, 1886, at chambers, confirmed, and deed ordered to be made to Charles Leach, the other answering defendant herein, and one of the firm of McCrosky, Wright & Leach, in trust for said firm of McCrosky, Wright & Leach. And these answering defendants further allege that each and all of the matters and things in plaintiffs' petition averred were by the said court at the April, 1886, term thereof, in the cause then therein pending between McCrosky, Wright & Leach as plaintiffs, and Haines Bros. & Co. and the other defendants herein, defendants, were matters in issue before the said court in said cause; and that the said things and matters in issue were by the said court fully considered and determined, and these answering defendants were by said court found to have a lien prior to the mortgage lien of these plaintiffs, and decree was rendered upon said finding; that in pursuance of such decree, the said premises were sold to satisfy the decree in favor of these answering defendants, and subject to the mortgage lien of defendant Goldsmith; that no appeal has been taken or proceedings in error had in said original suit.

"As a second matter of defense these defendants aver that the mortgage sued on and described in plaintiffs' petition was executed upon land occupied at the time of the execution by the said James Flinn and Elizabeth Flinn, his wife, as a homestead, and which said mortgage was signed by the said James Flinn only, and defendants allege that said mortgage is not a lien upon the premises therein described.

"Defendants further answering, deny that the said James Flinn is indebted in the sum of $......, or any other sum, to the said plaintiff.

"Defendants further deny each and every allegation in plaintiffs' petition contained, except such as are herein specifically admitted.

"Wherefore these defendants pray that the court may decree that the matters and things in plaintiff's petition averred were in said first named cause fully determined and adjudicated, and that these defendants' title to the said premises be decreed to be paramount and superior to the mortgage of said plaintiffs."

Flinn in his answer alleges that the land in controversy was the homestead of himself and wife, and that the mortgage to the plaintiff was not signed by his wife. The reply consists of certain denials. The answer of Haines Bros., in the nature of a cross-petition, in the former action, is set out in the record, from which it appears that in the former action they had filed a cross-bill and asked to have their mortgage foreclosed. The decree, however, fails to show that any sum was allowed Haines Bros. on the foreclosure of said mortgage, but they were allowed certain judgment-liens claimed by them. No appeal was taken, and they seem to have been satisfied with the decree. It is impossible for us to hold such decree to be void. The court may have found that the mortgage had been satisfied, or that it was void, or given without consideration. The mortgage was then due, and for aught that appears it should have

been foreclosed unless some of the defenses to the same were considered sufficient to defeat it. The evidence in that case is not before us, and the presumptions are that the decree was right. The matter involved in the plaintiffs' petition, therefore, having been set up in a former action by cross-petition, and a judgment rendered thereon, is *res adjudicata*.

In *Packet Co. v. Sickles*, 5 Wallace, 592, the supreme court of the United States say: "As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive *per se*, it must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined; that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."

In our view, the matter involved in this case was properly before the court in the former action, and its judgment thereon will be conclusive.

The rule is that "Where a court has jurisdiction, it has a right to decide every question which arises in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correct-

ness of a judgment which has been rendered between them in a court having jurisdiction of them and of the subject-matter. The only way for them to investigate such a judgment is by a rehearing of that cause, either by writ of error or some other legal and direct mode. For, to the extent to which the judgment goes, their rights have been considered and decided, and they have submitted to that decision either from the force of law after a final hearing by a court of last resort, or from a disinclination to pursue the matter further when other courses of proceedure for rehearings were open before them and might have been had if they had so elected. Upon this point the authorities are numerous and decisive." *Hollister v. Abbott*, 11 Foster, (N. H.,) 448; Wells, Res Adjudicata and Stare Decisis, 5.

This we regard as a correct statement of the law. The former decree, therefore, is conclusive, and this action is thereby barred. An examination of the record shows that the sale was confirmed at chambers, in a county other than that in which the land is situated. Whether under our statute there is authority to confirm the sale in this manner is not raised by either pleadings or proof.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.