## LOUFER *v.* STOTTLEMYER.

[No. 2,033.   Filéd October 15, 1896.]

PLEADING.— *Defect of Parties.*—*Demurrer.*—A demurrer for want of facts does not raise any question as to defect of parties.

SAME.—*Defect of Parties.*—*Waiver.*—A defect of parties if apparent on the face of the pleadings is waived upon failure to demur on that ground.

DAMAGES.—*Action by Lessee Against Lessor.*—*Complaint.*—A complaint by lessee against a lessor for damages for failure to deliver possession of a farm need not allege that the defendant is the owner of the land, nor that plaintiff had complied with his part of the contract, if the complaint shows that plaintiff was unable to perform his part of the contract by defendant's wrong in keeping him from such performance.

From the Madison Circuit Court.   *Affirmed.*

*William A. Kittinger* and *Edward D. Reardon,* for appellant.

*Francis A. Walker* and *Frank P. Foster,* for appellee.

REINHARD, J.—Appellee alleges in his complaint that on the 28th day of August, 1893, the appellant, by lease in writing, a copy of which is herewith filed, leased to the appellee certain described farm land in Madison county, Indiana, for the term of one year from March 1, 1894; that according to the terms of the lease the appellee, in September, 1893, went upon said lands and sowed thereon thirty acres of wheat, taking with him his machinery, farming implements and grain and feed for stock, depositing the same on said farm; that on or about the 1st day of March, 1894, he demanded of the appellant the possession of said farm, according to the terms of the lease, but that appellant refused to deliver the same to him or any

part thereof, and excluded him from said land, including the part sowed in wheat; that said real estate had valuable fruit growing thereon and was in a good state of cultivation for farming purposes; that at the time he was so refused possession of said real estate all the farms and real estate held for lease had been leased and taken up by other parties, and appellee was not able to secure any other farm or real estate to till and occupy, although he made diligent search and inquiry for that purpose; that appellee had stock and farming implements and grain, and on account of the matter complained of he had no place where the same could be stored and cared for by reason whereof he was compelled to sell and dispose of the same at a great loss and sacrifice, besides being at great expense in moving and securing a place to store his said property; that being unable to secure any land to till and being thus deprived of his work and labor and of the occupation, use, rents, income and profits of said real estate, by reason of the facts aforesaid, he has been damaged $500.00 for which he asks judgment.

The lease stipulates that John A. Loufer and Anna M. Loufer agree to rent their farm in Greene township, Madison county, Indiana, to John H. Stottlemyer for one year from March 1, 1894, and to give him possession thereof on or before the date last named. Stottlemyer is to sow wheat on said farm in September, 1893, and he agrees to let the tenant who may succeed him sow wheat in September before his time expires in March. He is to give the other parties to the contract one-half the corn and wheat and other grain raised on the farm either to be placed in granaries or delivered at Alfont; also one-half of the fruit and everything raised on the farm except what grows in the garden. Stottlemyer is to keep the fences in as good repair as they are when he takes possession of

the farm, and if any new fences are to be made the other parties are to make them or pay him for so doing. Stottlemyer is to keep all manure hauled on the fields and not to allow it to lie around the stables and old strawstacks. The articles of agreement was dated and signed by the parties on the 28th day of August, 1893.

The appellant demurred to the complaint and as ground of demurrer specified that the same does not state facts sufficiently to constitute a cause of action. The demurrer was overruled and the appellant insists that this was error.

It is urged that the complaint is fatally defective because it shows that the lease was executed on the one hand by the appellant and her husband and that the latter was not made a party to this action.

If it was necessary to join the appellant's husband as a party, and this was not done, the omission would constitute a defect of parties. *Barnett* v. *Leonard*, 66 Ind. 422. Defect of parties, however, is a separate and distinct cause for demurrer, and a demurrer for want of facts does not raise any question as to parties. Section 342, Burns' R. S. 1894 (339, R. S. 1881); *Collins* v. *Nave*, 9 Ind. 209; *Greensburg, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424; *Leedy* v. *Nash*, 67 Ind. 311. The appellant having failed to demur on the ground of defect of parties, if such defect appears on the face of the pleadings, the point is waived. *Groves* v. *Ruby*, 24 Ind. 418; *Bray* v. *Black*, 57 Ind. 417; *Thomas* v. *Wood*, 61 Ind. 132; *Atkinson* v. *Mott*, 102 Ind. 431; *Browning* v. *Smith*, 139 Ind. 280.

The complaint sufficiently shows, we think, that the relation of landlord and tenant subsisted between the parties; that appellant refused to deliver possession of the farm when appellee demanded it and thus kept him out of possession. It was not necessary to aver

that appellant was the owner of the land, nor that appellee had complied with his portion of the contract. It was plainly enough shown that appellee could not perform his part of the agreement because of appellant's wrong of keeping him from such performance. The complaint, though perhaps not a model of good pleading, is sufficient to withstand the demurrer.

Error is assigned in overruling appellant's motion for a new trial.

There is evidence to sustain the verdict on all material points.

Objection was made and exceptions were taken to certain testimony introduced as to the measure of damages and as to instructions given upon that point. We have considered these rulings and are satisfied that no substantial error was committed in this respect. The measure of damages in such cases as this is correctly laid down in the case of *Chew* v. *Lucas*, 15 Ind. App. 595, and the rule as there declared was not departed from by the court in any material respect.

Upon the whole case a correct result appears to have been reached.

Judgment affirmed.