## SPANGLE *v.* SPANGLE.

[No. 6,276. Filed February 21, 1908.]

1. COURTS.—*Circuit.*—*Jurisdiction.*—The circuit courts of Indiana
have general jurisdiction; and their judgments import jurisdic-
tion of the subject-matter and of the parties to the action. p. 300.
2. JUDGMENT.—*Validity.*—A decree showing that the parties
appeared to the action, and that an order was made upon de-
fendant to pay to the plaintiff a certain sum of money, is valid
upon its face. p. 300.
3. SAME.—*Validity.*—*Collateral Attack.*—A decree of the cir-
cuit court for the payment of money is not subject to a collateral
attack, where the court had jurisdiction of the parties and sub-
ject-matter. p. 300.

From Daviess Circuit Court; *Hileary Q. Houghton,*
Judge.

Action by Helena Spangle against Samuel Spangle.
From a judgment for plaintiff, defendant appeals. *Af-
firmed.*

*Samuel W. Williams, B. M. Willoughby* and *James M.
House,* for appellant.

*Clarence B. Kessinger* and *Louis A. Meyer,* for appellee.

COMSTOCK, J.—Appellee, who was plaintiff below, brought
this action against the appellant on a decree in her favor,
entered by the Knox Circuit Court. The action was com-

menced in the Knox Circuit Court, and on change of venue tried in the Daviess Circuit Court. The complaint was in one paragraph, and alleged, in substance, that on June 15, 1905, a decree was entered by the Knox Circuit Court in favor of appellee against appellant for the support of herself and her child, whereby defendant was ordered to pay the plaintiff $125 each year, as long as she lived, or until she remarried; that the first instalment of said decree was due on August 1, 1905, and the same amount on August 1 each year thereafter; that by a like order of said court said defendant was ordered to pay for the use of said child, Robert S. Spangle, and for the support of their said child, the sum of $125 annually, on January 1, 1906, and the same sum on January 1 each year thereafter until said Robert arrived at the age of twenty-one years; that upon failure to do so suit might be brought upon said decree for the amount so due, and reasonable attorney's fees. A copy of the order of the court and of said decree was filed with the complaint and made a part thereof as an exhibit.

The complaint avers that the decree is still in force; that the instalment of said amount, to. wit, $125, was due and payable August 1, 1905, and that said defendant has failed to pay the same, although requested so to do; that a reasonable fee for the collection of said sum is $25. Plaintiff demands judgment for $200. A copy of the decree exhibited with the complaint is as follows:

"Helena Spangle v. Samuel Spangle, Support. On this day come the parties, and the court having said cause under advisement and being now sufficiently advised in the premises, finds for the plaintiff. It is therefore ordered, adjudged and decreed by the court that said Samuel Spangle is hereby ordered to pay to plaintiff the sum of $125 each year as long as she lives, or until she remarries some other man than the defendant. Said first decree to be paid August 1, 1905, and the same amount on August 1 each year thereafter. It is further adjudged and decreed by the court that said defendant Samuel Spangle pay to said

plaintiff, or such other person as the court may direct, for the use of said plaintiff's child, Robert S. Spangle, the sum of $125 on January 1, 1906, and the same amount on January 1 each year thereafter, until such Robert S. Spangle arrives at the age of twenty-one years. It is further ordered, adjudged and decreed that, in the event a suit be brought to collect any of said instalments hereby ordered to be paid by defendant, said judgment shall include a reasonable fee for the plaintiff's attorney; that all instalments hereby ordered to be paid shall bear six per cent per annum after same becomes due. It is further ordered by the court that the defendant pay the costs of this suit.''

A demurrer to the complaint was overruled, and a general denial filed thereto. A trial by jury resulted in a verdict in favor of appellee for $129.96. Appellant's motions for a new trial and in arrest of judgment were overruled and exceptions taken.

The only specification of error discussed is the overruling of appellant's motion for a new trial. The reasons set out in the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence, that it is contrary to law, and error of law occurring on the trial of said cause in permitting plaintiff to read in evidence to the jury a paper purporting to be a transcript of the decree of the Knox Circuit Court.

In the appellant's brief it is stated that, if the case at bar were a bastardy proceeding, the judgment for $125 each year in favor of appellee would be void; that in a suit for damages for seduction no valid judgment can be rendered requiring the defendant to pay an annual sum of money to the plaintiff "as long as she lives or until she marries another man besides the defendant;" that in divorce proceedings the decree for alimony must be for a sum in gross; that the character of the suit in the Knox Circuit Court is not made to appear, and that whether it is a suit for divorce, alimony, bastardy, seduction, breach of promise or specific performance, the decree is void; that it is not shown that any pleadings were filed or issues formed

in the Knox Circuit Court, nor that the court had jurisdiction of the subject-matter of the suit.

The Knox Circuit Court is a court of general jurisdiction. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. This presumption embraces jurisdiction, not only of the cause or subject-matter of the action in which judgment is given, but of the parties also. 17 Am. and Eng. Ency. Law (2d ed.), 1073, and cases collected in foot notes; *Jackson* v. *Smith* (1889), 120 Ind. 520, and cases cited.

1. 

The part of the court record of the Knox Circuit Court introduced in evidence shows that the parties appeared to the suit, and that a money decree was entered against the defendant. Upon its face the decree is valid. The evidence in the case at bar shows that appellant was the defendant in that suit, and that the instalment for which appellee sues is unpaid.

2. 

The objection made to the admission in evidence of the transcript of the decree of the Knox Circuit Court, which was the foundation of the present action, is "that it is void on its face." This is an assumption, and is not based on the record. It does not appear that the case at bar was one for divorce, alimony, seduction, breach of promise or specific performance, and the propositions of counsel heretofore set out in reference to judgments in such cases, are not applicable. It is evident that it is not a suit for divorce or alimony from the decree which refers to appellee as the wife of appellant. But, whatever may have been its character, the decree is binding until reversed or set aside, and cannot be collaterally questioned.