## Home National Bank et al. *v.* People's State Bank.

[No. 7,910.	Filed November 28, 1911.]

1. Mortgages.—*Liens.—Suits.—Abatement.—Decedents' Estates.—* Suits for the enforcement of liens against the estates of decedents cannot be maintained until the expiration of "one year from the death of the decedent" (§2847 Burns 1908, Acts 1883 p. 151, §17). p. 14.

2. Courts. — *Jurisdiction. — Dismissal.— Appeal.* — Whenever the trial court ascertains that it has no jurisdiction of a case it should allow the plaintiff to dismiss it, or dismiss it on its own motion; and an appeal from a dismissal, where the trial court had no jurisdiction, will be dismissed. p. 14.

3. Liens.—*Decedents' Estates.—Suits.—Time for Filing.*—A cross-complaint to enforce a judgment lien, in a suit to foreclose a mortgage on the real estate of a decedent, cannot be enforced, if filed within one year from decedent's death, where it seeks to compel the senior mortgagee first to exhaust the widow's one-third interest in the property, thereby leaving a surplus sufficient to pay such judgment lien. p. 15.

4. Descent and Distribution.—*Mortgages.—Widows.*—A widow who joins in her husband's mortgage is entitled, at his death, to require such debt to be paid primarily from the proceeds of two-thirds of his personal estate not required for the payment of preferred claims, secondarily from two-thirds of the land which does not descend to her as a widow, and lastly from her one-third interest in the mortgaged land. p. 15.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Suit by People's State Bank against Home National Bank and others. From the judgment, the Home National Bank and others appeal. *Appeal dismissed.*

*Ira M. Sharp,* for appellants.

*Thomas J. Sare* and *Miers & Corr,* for appellee.

IBACH, P. J.—Appellee People's State Bank brought suit against all the other parties to this appeal to foreclose two mortgages on certain parcels of real estate, executed by William Hay and Florence M. Hay, his wife. Appellant Home National Bank and other of the defendants filed cross-complaints as the holders of judgment liens on said real estate, and defendant Florence M. Hay also filed a cross-complaint against all the other parties, in which she alleged that she had signed the mortgages in question as surety for her husband, and asked that no part of her separate estate be exhausted to pay the mortgages or the judgment liens.

It appears from the record and from the briefs of the parties that the main suit to foreclose a mortgage lien against the estate of William Hay, deceased, and the

1. cross-actions to enforce judgment liens against it, were brought within a year after the death of William Hay. Such actions may not be brought until a year has elapsed after the death of the decedent. §2847 Burns 1908, Acts 1883 p. 151, §17. If such time has not elapsed, there is no cause of action. ''The law declares that such suits shall not exist, or, in other words, that there shall be no cause of action.'' *Lovering* v. *King* (1884), 97 Ind. 130. Since there was no cause of action, the court had no jurisdiction, and it became proper for the court to dismiss

2. the actions of its own motion, or to allow the parties to dismiss. The court first discovered its lack of jurisdiction in the main action after it had made a special finding of facts, and had heard argument thereon. It then allowed plaintiff bank to dismiss its complaint. This was proper, for questions of jurisdiction may be raised at any time, even first on appeal. Elliott, App. Proc. §§470, 498, and cases cited; Ewbank's Manual §§2, 7, 136. Under §2847, *supra,* the court had no jurisdiction over the cross-actions. Since

the court below had no jurisdiction, this court can have none, and the appeal must be dismissed.

Appellant Home National Bank now claims that its cross-complaint does not fall within the statutory prohibition as seeking to enforce a lien. By this cross-complaint

3. it seeks, however, to compel appellee People's State Bank first to exhaust the interest of Florence M. Hay in the mortgaged real estate, to the end that the only fund to which it can resort for the collection of its judgment may not be exhausted by the senior lien, or that cross-complainant be subrogated to the rights of the People's State Bank against Florence M. Hay. Its prayer is that appellee People's State Bank should be required to dispose of the separate estate of the widow, so that appellant would be enabled to enforce the lien of its judgment upon the residue of the mortgaged property. This amounts to an effort upon the part of appellant to enforce its lien upon the real estate in suit, and the trial court seems to have accepted and acted upon this theory when it announced, as conclusions of law upon the facts found, that the law was against cross-complainants, that they could not enforce their liens until one year after the death of William Hay, and that their actions should abate.

However the dismissal of the appeal can in nowise harm appellant, for in no event, upon the facts found by the court, could it have obtained the relief sought in its

4. cross-complaint. The special finding shows that at the time of the execution of the mortgages Florence M. Hay was the wife of William Hay, and received no part of the consideration for them, but signed the mortgages merely to cover her inchoate interest in her husband's lands. Such being the case, before her vested interest as a widow in the one-third part of the real estate which comes to her can be touched, she is entitled to have exhausted for the payment of the mortgages the personal estate of her husband not required to pay claims expressly preferred by

statute, and the proceeds from the sale of the remaining two-thirds part of his real estate which does not descend to her as a widow. *Shobe* v. *Brinson* (1897), 148 Ind. 285, and cases there cited.

The appeal is dismissed.