WHITE ET AL. *v.* SUGGS ET AL.

[No. 8,192.    Filed February 4, 1914.    Rehearing denied May 15, 1914.    Transfer denied June 30, 1914.]

1. EXECUTORS AND ADMINISTRATORS.— *Actions against Devisees.— Foreclosure of Mortgage.— Time of Bringing Action.—* Under §2847 Burns 1914, Acts 1883 p. 158, providing that no proceeding shall be instituted before the end of one year from the death of decedent against his heirs or devisees to foreclose any mortgage or lien against his real estate, for the payment of which his personal estate shall be liable, and that in case of any such suit the executor or administrator shall be made a party defendant, etc., only the bringing of such suit against the heirs or devisees before the expiration of one year from the death of the decedent is prohibited, and the necessary inference is that it may be brought after that time, but that, when so brought, the executor or administrator, if the estate is still open and the administration still pending, shall be made a party defendant. p. 577.

2. PARTIES.—*Actions against Devisees.—Nonjoinder of Executor or Administrator as Defendant.— Waiver of Objections.—* The

failure to make an executor or administrator a defendant in an action against the heirs or devisees to foreclose a mortgage executed by the decedent does not deprive the court of jurisdiction of the subject-matter, but is a defect apparent upon the face of the complaint which may be reached by demurrer for defect of parties under §344 Burns 1914, §339 R. S. 1881, and may be waived by a failure to raise the question. p. 580.

3. PLEADING.—*Demurrer.—Defect of Parties.*—Demurrer to a complaint for want of sufficient facts will not present the question of a defect of parties. p. 580.

4. JUDGMENT.—*Presumptions.—Jurisdiction.*—Judgments of courts of general jurisdiction are presumed to have been rendered with jurisdiction of both person and the subject-matter. p. 580.

5. JUDGMENT.—*Collateral Attack.*—A judgment is not subject to collateral attack unless the infirmity which renders it void appears on the face of the record, since all matters not apparent on the face of the record are presumed in its favor. p. 581.

6. MORTGAGES.—*Foreclosure.—Effect of Judgment.*—Since a foreclosure proceeding is *in rem*, all who are made parties defendant thereto, and challenged to assert their rights, must assert every then existing fact which will defeat the plaintiff's action, and are forever concluded by a finding and judgment in favor of plaintiff as to all such facts. p. 582.

7. RECEIVERS. — *Appointment. — Collateral Attack.* — The circuit court has power to appoint a receiver upon petition filed by one interested in the settlement of a partnership, and, in the absence of an affirmative showing of the record to the contrary; it will be presumed as against collateral attack that such petition was filed. p. 582.

8. EJECTMENT.—*Title to Sustain Action.*—Plaintiff in ejectment must recover, if at all, on the strength of his own title. p. 583.

9. PLEADING.— *Demurrer.— Complaint.—* A complaint though stating sufficient facts to constitute a cause of action, is bad on demurrer if a defense is therein anticipated and not avoided. p. 583.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Lizzie White and others against William A. Suggs and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Joseph E. Henley* and *Rufus H. East,* for appellants.

*Ira C. Batman, Robert G. Miller, James W. Blair* and *John P. O'Donnell,* for appellees.

HOTTEL, J.—This is an action brought by appellants

against appellees for the possession of certain real estate. Appellees other than George W. Bollenbacher filed a demurrer to the complaint which was sustained by the court. The appellants refused to plead further and judgment was rendered against them that they take nothing on account of their complaint, and that appellees other than George W. Bollenbacher recover of them their costs. From this judgment appellants appeal and assign as error the ruling of the court in sustaining the demurrer.

The complaint is lengthy and we indicate only the substance of enough of the facts averred therein to intelligently present the questions raised by the objections urged against it. These facts are as follows: George Bollenbacher died testate in Monroe County, Indiana, September 17, 1885, seized with the fee simple title to the real estate in controversy. The testator gave to his wife Margaret all his property real and personal for her use as long as she remained his widow or during her natural life, except the interest of the testator in the firm property, both real and personal, of Bollenbacher & Sons, which property he devised to his sons Martin C., William P., Samuel M., and Jacob I. Bollenbacher. At the death or remarriage of the widow all the property of the testator then remaining was to be divided equally among the testator's children, naming them. The testator's wife, Margaret, was named as executrix of the will, but never qualified as such, never remarried and died November 1, 1898. Some of the children of the testator mentioned in the will died leaving children. The appellants are either children of the testator or children of such deceased children and they, together with the appellee, George W. Bollenbacher, constitute the only legatees and heirs of the testator, and the complaint avers facts showing that under the will of such testator, they are the owners in fee simple and tenants in common of and entitled to the immediate possession of the real estate described in the com-

plaint; that they have been kept out of such possession for eighteen years, that the mesne profits of the real estate during the period are $——— and that by being kept out of possession they have been damaged in that sum. It will appear from what we have indicated that the complaint avers facts sufficient to constitute a cause of action and, that it should have been held sufficient by the trial court as against the demurrer thereto, unless the additional facts contained therein disclose a defense to such cause of action.

The substance of these additional averments is in brief as follows: No administration was ever had on the estate of the testator until October 31, 1894, "when a pretended administration was had without authority of law and in express violation of the decedent's act of the State of Indiana." The title and possession of appellees other than George W. Bollenbacher in and to the real estate "rests upon certain judicial proceedings which are void in this, to wit:" On April 6, 1888, the "First National Bank of Bloomington" began an action against the heirs and devisees of the testator, naming them, to recover judgment on a $2,500 note executed by the firm of Bollenbacher & Sons, composed of the testator and George W., Martin C., and William P. Bollenbacher and to recover judgment against George W. Bollenbacher on two notes for the sum of $2,500 and $5,000, respectively, and executed by George W. and his father, the testator, such last two notes being secured by a mortgage executed by the testator and his wife, Margaret, on the real estate in question together with other lands of such testator, such mortgage containing an express agreement to pay the debts secured thereby. The plaintiff bank, in said proceeding, sought to foreclose the mortgage, and in its complaint alleged that "no administration had been had on the estate of decedent", testator; that the executrix named in the testator's will had never qualified and no letters executory or of administration with the will annexed had ever been issued on said estate. The several defendants to such

foreclosure proceeding appeared by counsel and filed separate demurrers and separate answers to the complaint. The demurrers were for want of sufficient facts. Some of these separate answers were general denials of the complaint, and others set up affirmative defenses, viz., that the notes were given without consideration; that they were paid; that the notes sued on were for partnership debts and that such partnership owned property of the value of $13,000, which should be first resorted to after exhausting such mortgaged property. Cross-complaints were also filed in the action by defendants therein other than George W. Bollenbacher, charging that the notes in such foreclosure suit represented money borrowed by said firm, and that such firm had property, ample to pay all claims against it and asking that, in the event the mortgaged property was insufficient to pay the notes sued on, the residue of such debts should be paid out of the partnership's property. George W. Bollenbacher also filed separate answers to the complaint in said proceeding, the first of which was a general denial and the second, a plea of payment. George W. Bollenbacher also filed a cross-complaint, in the first paragraph of which he alleged that he executed the notes as surety only and received no part of the consideration and asked "that execution be first levied on the property of the testator" and, in the second paragraph he charged that said notes were given by said firm, for the indebtedness of the firm; that the firm was dissolved by the death of the testator; that such indebtedness should be paid out of the firm property; that a sale of such property should be made for such purpose, and that a receiver should be appointed for such firm. On September 19, 1888, said bank recovered a judgment in said cause against George W., Martin C., and William P. Bollenbacher for $3,616.06 and, also recovered judgment against George W. Bollenbacher for the sum of $10,848.28 and an order, judgment and decree foreclosing the mortgage on said real estate, and ordering the same sold, to pay and satisfy said

judgments, and at the same time the Monroe Circuit Court
appointed Charles H. McPheeters as receiver of the firm of
Bollenbacher & Sons, and authorized him to take charge and
control of all the partnership property, real and personal,
convert the same into cash and apply the proceeds first to
the payment of the judgment of the bank against William
P., Martin C., and George W. Bollenbacher, and then to
the payment of the judgment against George W. Bollen-
bacher; that pursuant to his pretended appointment, such
receiver, on May 16, 1901, sold the real estate above de-
scribed to Sarah E. Suggs for the sum of $705 and executed
to her a pretended deed of conveyance therefor; that by vir-
tue of the purchase and conveyance and without any other
authority whatever, Sarah E. Suggs went into possession
of the real estate; that her only claim of title to the real
estate and her only right to possession thereof rests upon
said judicial proceedings and sale as above set forth; that
Sarah E. Suggs died since the sale and prior to the bringing
of this suit, leaving as her only heirs at law the appellees
herein, other than George W. Bollenbacher; that George
Bollenbacher, deceased, had and held prior to his death, a
one-third interest in the real estate as a member of the
firm of Bollenbacher & Sons; that no administration was
ever had upon his estate; that no administrator or executor
of the estate was ever made a party to the foreclosure pro-
ceedings; that no settlement of the firm's business was ever
made or attempted to be made by either of the surviving
partners in the firm, and at no time were these plaintiffs
ousted of their title to the real estate by the pretended sale;
that the proceedings from beginning to end are null and
void.

Appellants, in effect, concede that the additional aver-
ments show that the appellees are in possession of the real
estate involved under a conveyance made pursuant
1.  to the judgment rendered in such foreclosure pro-
ceedings, and that their complaint is a collateral at-

tack on such judgment and hence was properly held insufficient unless such judgment is absolutely void; and insist that, because no executrix, executor or administrator with the will annexed of the estate of George Bollenbacher, deceased, was made a party to such foreclosure proceeding, as provided by §2847 Burns 1914, Acts 1883 p. 151, §17 "the jurisdictional right of foreclosure" was absent in such proceeding and hence that any judgment rendered therein was absolutely void. As supporting their contention appellants rely on the following cases: *Lovering* v. *King* (1884), 97 Ind. 130; *Noerr* v. *Schmidt* (1898), 151 Ind. 579, 584, 51 N. E. 332; *Union Trust Co.* v. *Scott* (1908), 170 Ind. 666, 85 N. E. 481; *Home Nat. Bank* v. *Peoples State Bank* (1911), 49 Ind. App. 13, 96 N. E. 710; Henry, Probate Law §236. That part of §2847, *supra,* here involved, is as follows: "No proceeding shall be instituted before the end of one year from the death of the decedent * * * against the heirs or devisees of the deceased, to foreclose any mortgage or other lien thereon (viz., on such real estate), for the payment of which his personal estate shall be liable; and in case of suit to foreclose any mortgage or other lien thereon, the executor or administrator shall be made a party defendant thereto; and if the executor or administrator shall be diligently prosecuting his proceedings to sell the real estate of the deceased, for the purpose of making assets to discharge such liens, further proceedings for the sale thereof, by the holders of liens thereon, shall be stayed upon the application of the executor or administrator. This section shall not apply to cases where, before the end of the year, the real estate shall have been sold by the executor or administrator, subject to liens thereon, nor to mortgages and judgments in favor of the State."

The cases, *supra,* relied on by appellants hold simply that the section of statute quoted, prohibits the bringing of any suit against the heirs or devisees of a deceased person to foreclose any mortgage or other lien executed by such decedent

against his real estate within a year from the death of such person, and that "if such time has not elapsed there is no cause of action". Such an interpretation is clearly within both the letter and spirit of the statute. The language of the statute quoted is *"nor shall* any suit be brought before that time", viz., the year after the death, etc. This language shows clearly an intent on the part of the legislature to prevent a suit before the expiration of the year. The necessary inference both from the language quoted and that which follows, is that such a suit may be brought after the year, and hence that *"there is a cause of action" after the year,* but when so brought, if the estate be still open and the administration pending, "the executor or administrator shall be made a party defendant thereto", so that, in case he "be diligently prosecuting his proceedings to sell the real estate of the deceased for the purpose of making assets to discharge such liens", he may come into court and make such showing to the end that he may have the proceedings of the lien holder stayed, so as to give him an opportunity to go ahead and make assets with which to discharge such lien. This construction is in accord with §2906 *et seq.* Burns 1914, Acts 1883 p. 151, §19, providing for accountings to be made by executors and administrators.

The complaint in this case avers that the complaint in the foreclosure proceeding alleged that there had never been any administration of the estate of George Bollenbacher, deceased, and showed that more than one year had expired after his death before the bringing of such proceeding. It is questionable whether the section of statute quoted was intended to apply to such a case, but assuming, without deciding, that it does apply, our Supreme Court, in construing §277 Burns 1901, being §277 Burns 1914, §276 R. S. 1881, which provides for making the assignor of a claim arising out of contract, where the assignment is not by endorsement in writing, a party defendant, held, in effect, that where the complaint showed that such assignor was dead and there

was no administrator or executor of his estate within the jurisdiction of the court, that such complaint was sufficient to withstand a demurrer for defect of parties.  *Boseker* v. *Chamberlain* (1903), 160 Ind. 114, 116, 117, 66 N. E. 448; *Bray* v. *Black* (1877), 57 Ind. 417, 419; *St. John* v. *Hardwick* (1858), 11 Ind. 251, 252.

Again assuming, without deciding, that an executor or administrator with the will annexed of such estate, should have been made a party to such foreclosure proceeding, the omission of such party did not deprive the court of jurisdiction of the subject-matter.  The omission only showed a defect of parties defendant on the face of the complaint and should have been taken advantage of by demurrer under the fourth ground of §344 Burns 1914, §339 R. S. 1881.  Where a defect of parties appears on the face of the complaint such question may be raised by a demurrer for such cause, and the failure to raise the question of nonjoinder, or defect of parties by demurrer in proper form, or by plea in abatement, is a waiver of such objection.  *Boseker* v. *Chamberlain, supra; Pittsburgh, etc., R. Co.* v. *Schmuck* (1914), 181 Ind. 323, 103 N. E. 325; *Loufer* v. *Stottlemyer* (1896), 16 Ind. App. 221, 223, 44 N. E. 1008; *Carskaddon* v. *Pine* (1900), 154 Ind. 410, 412, 56 N. E. 844; *Ayers* v. *Foster* (1900), 25 Ind. App. 99, 101, 57 N. E. 725.

The complaint in this case shows that the demurrers to the complaint in the foreclosure proceedings were for want of sufficient facts, and hence, under the authorities just cited did not present the question of a defect of parties.  The averments in the complaint to the effect that the court had no jurisdiction in the foreclosure proceedings and that said proceedings from beginning to end were null and void are conclusions of the pleader not supported by the facts pleaded.  In this connection it is proper to say that judgments of courts of general jurisdiction are presumed to have been rendered with

jurisdiction of both the person and subject-matter. *Spangle* v. *Spangle* (1908), 41 Ind. App. 297, 300, 83 N. E. 720; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 246, 53 N. E. 285. Every court possesses the power of determining its own jurisdiction, both as to the parties and the subject-matter of the action. Its determination upon such question is a judicial act within its power, whether its decision be correct or erroneous. This power to decide involves the power to decide wrong as well as right, and having the power to decide a question, the character of the decision however erroneous will not oust jurisdiction, and the trial court's judgment on such question will be conclusive "unless the want of such jurisdiction is apparent on the face of the proceedings. A decision on a jurisdictional question, either expressly or impliedly given by a tribunal, has the same binding effect upon the parties as a decision on any other matter within its cognizance in any pending case or proceeding, and an error in this respect must be corrected in the same manner as other errors are authorized to be corrected." *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 375, 82 N. E. 761. See, also, *Gold* v. *Pittsburgh, etc., R. Co., supra; Spencer* v. *Spencer* (1903), 31 Ind. App. 321, 330, 67 N. E. 1018, 99 Am. St. 260; *Haines* v. *Flinn* (1889), 26 Neb. 380, 18 Am. St. 785, 789, 42 N. W. 91.

A judgment is not void so as to be subject to collateral attack, unless the infirmity which renders it void, appears on the face of the record. Recourse can not be had to extraneous matter to determine its validity, as all matters not appearing on the face of the record are presumed in its favor. *Davis* v. *Clements* (1897), 148 Ind. 605, 608, 47 N. E. 1056, 62 Am. St. 539; *Clark* v. *Hillis* (1893), 134 Ind. 421, 427, 34 N. E. 13; *Palmerton* v. *Hoop* (1892), 131 Ind. 23, 28, 30 N. E. 874; *Cohee* v. *Baer* (1893), 134 Ind. 375, 379, 32 N. E. 920, 39 Am. St. 270; *Bailey* v. *Rinker* (1896), 146 Ind. 129, 135, 45 N. E. 38; *Cassady* v. *Miller* (1886), 106 Ind. 69, 5 N. E. 713; *Spencer* v. *Spencer,*

*supra; Anderson* v. *Wilson* (1885), 100 Ind. 402, 407; Jones, Evidence (2d ed.) §611.

This court in the case of *Pilliod* v. *Angola R., etc., Co.* (1911), 46 Ind. App. 719, 726, 91 N. E. 829, said: "A pro-
ceeding to foreclose a mortgage is essentially a pro-
6.   ceeding *in rem*, and in suits of this character, which
seek to establish a right or interest in the thing which
is the subject-matter of the litigation, all who are made parties defendant thereto, and challenged by the plaintiff therein to assert their rights, are bound to assert every then existing fact which would defeat the plaintiff's action, and are forever concluded by a finding and judgment in favor of plaintiff as to all such facts." See, also, *Roberts* v. *Leutzke* (1907), 39 Ind. App. 577, 581, 78 N. E. 635; *Copeland* v. *Bruning* (1909), 44 Ind. App. 405, 411, 412, 87 N. E. 1000, 88 N. E. 877; *Lantz* v. *Maffett* (1885), 102 Ind. 23, 32, 26 N. E. 195; *Myer* v. *Minch* (1910), 45 Ind. App. 495, 497, 91 N. E. 32. It is affirmatively shown from the allegations of the complaint that all of appellants, or their privies, were parties to the original proceeding which they now seek to overthrow. It does not appear that any objection was raised at that time either as to nonjoinder or defect of parties in any manner. Under the authorities cited, *supra,* such defect, if any, was waived. Every presumption is indulged in favor of the former judgment. Appellants have had their day in court and should be and are estopped from questioning the validity of such judgment.

It is further contended by appellants that the deed made by the receiver appointed by the court is of no force or effect
because the court had no jurisdiction in such fore-
7.   closure proceeding and was wholly without authority
to appoint such receiver. What we have said on the question of jurisdiction as to the original action applies with equal force to this contention. It is within the power of the court below to appoint a receiver upon petition filed by any one interested in the settlement of such partnership.

§9716 Burns 1914, §6050 R. S. 1881. It will be presumed, in the absence of an affirmative showing of the record to the contrary, that such petition was filed. In this case the averments of the complaint above set out show affirmatively that neither of the surviving partners of the firm ever settled or attempted to settle the firm business, and that the answers and cross-complaints of the defendants to such original action, especially the cross-complaint of George W. Bollenbacher, one of the surviving members of the firm, averred that the notes sued on were given for the debts of the firm, that such firm was dissolved by the death of the testator, that such indebtedness should be paid out of the firm property, that a sale of such property should be made for such purpose and that a receiver should be appointed to make such sale. It follows from what we have already said, and the authorities cited, that the judgment appointing the receiver is at least sufficient to withstand a collateral attack of the character here made against it. Appellants must recover if at all on the strength of their own title. *Jose* v. *Hunter* (      ),      Ind. App.      , 103 N. E. 392; §1103 Burns 1914, §1057 R. S. 1881. Under §1100 Burns 1914, §1054 R. S. 1881, appellants' complaint contains sufficient averments of fact to state a cause of action, and they were not bound to anticipate a defense, but having done so, and failing to avoid it, their complaint is bad on demurrer. *Johnson* v. *Harrison* (1912), 177 Ind. 240, 248, 97 N. E. 930, 39 L. R. A. (N. S.) 1207, and cases cited.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 55. As to collateral attacks upon judgments, see 94 Am. Dec. 766. As to when receiver may be appointed to take care of mortgaged property, see 72 Am. St. 74. As to what title or interest will support an action of ejectment, see 18 L. R. A. 781. As to the sufficiency of possessory title, see 46 L. R. A. (N. S.) 487, 508. See, also, under (1) 18 Cyc. 944; (2) 31 Cyc. 293, 738; (3) 31 Cyc. 312; (4) 11 Cyc. 691; (5) 23 Cyc. 1055, 1078; (6) 27 Cyc. 1512, 1792; (7) 34 Cyc. 164; (8) 15 Cyc. 20; (9) 31 Cyc. 109.